IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-01958-CYC

MICHAEL JOHN MALLO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, U.S. Attorney General;
DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement;
GEORGE VALDEZ, Denver Field Office Director, U.S. Immigration and Customs Enforcement;
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,

Respondents. [1]

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed by Petitioner Michael John Mallo ("petitioner"). The petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado, which is under the custody and control of the respondents. ECF No. 1 ¶¶ 1, 15–23. He seeks a Court order instructing the respondents to release him or, alternatively, an order requiring that the respondents provide him with a bond hearing with specific procedures. For the reasons that follow, the Petition is **GRANTED** and the petitioner shall be **RELEASED**.

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is automatically substituted as a defendant for Todd Lyons, George Valdez is automatically substituted as a defendant for Robert Hagan, and Juan Baltazar is automatically substituted as a defendant for Dawn Ceja.

## BACKGROUND

The petitioner is a citizen and national of Nigeria who was lawfully admitted to the United States on a student visa in 2014. ECF No. 1 ¶ 18. On February 10, 2025, the petitioner was arrested by law enforcement in Grand Junction, Colorado for "DUI-related charges and traffic violations." *Id.* ¶ 72. He was released the same day into the custody of U.S. Immigration and Customs Enforcement ("ICE"), where he has remained ever since. *Id.* ¶¶ 74–76. The petitioner asserts, and respondents do not dispute, that he was arrested by ICE without an administrative warrant. *See id.* ¶ 77. ICE did not issue a warrant until February 13, 2025, three days after his arrest. ECF No. 11 ¶ 3.

The petitioner has had two bond hearings while he has been in custody. ECF No. 1 ¶ 83. At both hearings, release was denied because the Immigration Judge ("IJ") determined that the petitioner failed to demonstrate that he was not a danger to the community. *Id.* ¶ 84; ECF No. 1-2, ECF No. 11 at 3–4. The petitioner did not appeal these bond denials. ECF No. 11 at 3–4. An IJ also conducted an individual hearing on the merits of the petitioner's application on March 20, 2026, denied relief, and ordered him removed to Nigeria. *Id.* at 4. The petitioner timely appealed that decision, and it remains pending before the Board of Immigration Appeals ("BIA"). *Id.*

## ANALYSIS

The petitioner challenges his detention on two bases. First, he claims that ICE violated his right to be free from a warrantless arrest without an individualized determination of flight risk (Count 1). ECF No. 1 at 25–26. Second, he claims that his bond hearings violated due process because he was required to bear the burden of proof and they were not before a neutral arbiter (Count 2). *Id.* at 26–27. Because the petitioner is correct as to his first claim, the Court does not address his second. *See, e.g.*, *Leyva Ramirez v. Baltasar*, No. 26-

cv-00199-NYW, 2026 WL 318989, at *3 (D. Colo. Feb. 6, 2026) (granting habeas petition on first claim for relief and declining to reach remaining claims).

The petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See* ECF No. 11 at 1. That section provides that "on a warrant issued by the Attorney General," a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). "Thus, 'issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a) . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a).'" *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *4 (D. Colo. May 15, 2026) (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). The Department of Homeland Security's ("DHS") regulations similarly permit immigration officers to "arrest[ ] and take[ ] into custody" individuals suspected of violating the immigration laws upon the issuance of a Notice to Appear ("NTA") and a Form I-200 administrative warrant. 8 C.F.R. §§ 236.1(b); 1236.1(b).

Absent a warrant, an immigration officer has "more limited" authority to make arrests. *Quezada-Estrada*, 2026 WL 1361880, at *5 (quoting *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025)). Section 1357(a)(2) states that an immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." The "reason to believe" standard is equivalent to constitutional probable cause and requires an arresting officer to make individualized determinations regarding unlawful presence and likelihood of escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (collecting cases). DHS' implementing regulations mirror § 1357(a)(2). *See* 8 C.F.R. § 287.8(c)(2)(i)–(ii). When a noncitizen is arrested without a warrant, an examining officer

must generally determine within 48 hours of arrest "whether the [noncitizen] will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest … will be issued." 8 C.F.R. § 287.3(d).

Here, the petitioner's arrest lacked a lawful basis. His arrest does not comply with section 1226(a) and the corresponding regulations because ICE did not issue an NTA or warrant prior to his arrest. *See, e.g.*, *Quezada-Estrada*, 2026 WL 1361880, at *5; *Martinez-Salamanca v. Baltazar*, No. 26-cv-02410-PAB, 2026 WL 2083209, at *3–4 (D. Colo. July 20, 2026). And the respondents "have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357" and 8 C.F.R. § 287.8(c)(2). *Martinez-Salamanca*, 2026 WL 2083209, at *4. Nor could they. ICE "encountered" the petitioner while he was being held by the Mesa County police. ECF No. 11 at 2. The circumstances of his arrest show that he was not likely to escape before a warrant could be obtained because he was released to ICE from state custody. *See, e.g.*, *Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1007 (N.D. Ill. 2016) ("[I]t goes without saying that a potentially removable alien who is in the custody of [law enforcement] is not likely to evade detention by ICE during the period of custody."); *Creedle v. Miami-Dade Cnty.*, 349 F. Supp. 3d 1276, 1300 (S.D. Fla. 2018) (finding that noncitizen's warrantless arrest at county jail pursuant to a detainer violated § 1357(a)(2)). Finally, respondents did not issue a warrant until three days after his arrest, violating 8 C.F.R. § 287.3(d) as well. *See, e.g.*, *Matute Garcia v. LaRose*, 26-cv-4075-GPC (SBC), 2026 WL 2211804, at *2 (S.D. Cal. July 31, 2026) ("A *post hoc* warrant after forty-eight hours does not comply with 8 U.S.C. 1226(a) and cannot support Petitioner's detention.").

Because the respondents "breached their own regulations and violated Petitioner's due process rights when they summarily arrested him without a warrant," he is entitled to

relief. *Matovu v. Mullin*, No. CIV-26-630-SLP, 2026 WL 1387476, at *5 (W.D. Okla. May 18, 2026); *Martinez-Salamanca*, 2026 WL 2083209, at *4. "Fundamentally, Respondents may not detain first, and justify later." *Quezada-Estrada*, 2026 WL 1361880, at *5 (citing *Gopie v. Lyons*, No. 25-cv-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)). "To hold otherwise would simply turn a blind eye to the irreparable harms of unlawful conduct that reverberate well beyond the warrantless arrests." *Id.*

Turning to the proper relief, as numerous district courts in this circuit and throughout the country have found, "[r]elease in an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)); *Martinez-Salamanca*, 2026 WL 2083209, at *4; *Bracho Cortez v. Blanche*, No. 26-cv-01069-SKC, at *3 (D. Colo. Apr. 23, 2026); *Meza Escoto v. Warden, Denver Contract Det. Fac.*, No. 26-cv-03640-STV, 2026 WL 2592525, at *2 (D. Colo. Sept. 2, 2026); *Manrique v. Baltazar*, No. 26-cv-02769-TPO, 2026 WL 2874200, at *3 (D. Colo. Sept. 24, 2026); *Morelos Valdovinos v. Noem*, No. 1:26-cv-0338 JB/DLM, 2026 WL 948285, at *5–7 (D.N.M. Apr. 8, 2026); *Kunner v. Grant*, No. Civ.-26-229-R, 2026 WL 1623016, at *3–4 (W.D. Okla. Apr. 22, 2026); *Guarnizo v. Quinones*, No. 6:26-cv-624-JSS-RMN, 2026 WL 982816, at *3–4 (M.D. Fla. Apr. 13, 2026); *Makuiza v. Wesling*, 826 F. Supp. 3d at 181–83 (D. Me. 2026). Although the petitioner has received two bond hearings, his arrest was void *ab initio*. *Sanchez Sandoval v. Blanche*, No. 2:26-cv-01387-RFB-NJK, 2026 WL 1803675, at *3–4 (D. Nev. June 23, 2026). Accordingly, ordering respondents to provide the petitioner with another "bond hearing will not cure this fundamental defect in Petitioner's detention," and "the appropriate remedy is release." *Vo v. Baltazar*, No. 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026).

The respondents' arguments to the contrary are unavailing. Initially, they contend that 8 U.S.C. § 1252(b)(9) bars jurisdiction for this claim. *See* ECF No. 11 at 6. This section states that "all questions of law and fact . . . arising from any action taken or proceeding brought to remove [a noncitizen] from the United States . . . shall be available only in judicial review of a final order [of removal]" before the circuit court. 8 U.S.C. § 1252(b)(9). But the Tenth Circuit has firmly held that "[c]hallenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). Thus, "8 U.S.C. § 1259(b)(9) does not deprive the court of jurisdiction to consider a warrantless arrest claim that challenges a petitioner's detention rather than removal proceedings." *Ibarra-Aguillon v. Warden, Denver Contract Det. Fac.*, No. 26-cv-03362-PAB, 2026 WL 2916543, at *2 (D. Colo. Sept. 29, 2026).

The respondents' reliance on *Min-Shey Hung v. United States*, 617 F.2d 201 (10th Cir. 1980) is misplaced. ECF No. 11 at 6. As Judge Brimmer explained, that case involved a challenge to the petitioner's deportation proceedings on the basis of his warrantless arrest—not his detention. *Martinez-Salamanca*, 2026 WL 2083209, at *2 n.6. Indeed, the noncitizen in *Min-Shey Hung* had been released on bond well before he filed his petition for habeas corpus. *See* 617 F.2d at 201–02. The court concluded that his warrantless arrest complied with 8 U.S.C. § 1357(a)(2) and "constitutional standards," and therefore, his deportation proceedings "must be allowed to proceed," although he could renew his challenge to the legality of his arrest should he receive a final order of deportation. *Id.* at 202-03. In the instant case, by contrast, the petitioner does not challenge the validity of his removal proceedings on the basis of his unlawful arrest—only his detention, and therefore, *Min-Shey Hung* does not preclude relief. Nor is the petitioner's entitlement to relief diminished because he did not file his habeas petition until after DHS issued an NTA and an administrative

warrant subsequent to his arrest, and in the case of the warrant, beyond the 48-hour period permitted by law. *See, e.g.*, *Matute Garcia*, 2026 WL 2211804, at *2; *Quezada-Estrada*, 2026 WL 1361880, at *5; *Saavedra v. Baltazar*, No. 26-cv-04167-PAB, at *2 (D. Colo. Sept. 28, 2026) (granting habeas petition where ICE served petitioner with a warrant six hours after his arrest).

The respondents' contention that the petitioner should administratively exhaust his claim is also not well taken. *See* ECF No. 11 at 7. In the immigration context, "exhaustion of remedies is statutorily required only for appeals of final orders of removal." *Gonzalez v. Baltasar*, No. 26-cv-02981-CYC, 2026 WL 2474336, at *2 (D. Colo. Aug. 24, 2026); 8 U.S.C. § 1252(d)(1). "Here, the federal respondents have not advanced any compelling argument for the proposition that the petitioner," who has already been detained for more than a year, should be required to continue "to sit in an ICE detention facility for months on end" to pursue his administrative remedies when his arrest was void *ab initio*. *Gonzalez*, 2026 WL 2474336, at *2 (quoting *Alvarado Lopez v. Dillman*, No. 1:25-cv-2456 (LMB/LRV), 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026)).

Finally, contrary to the respondents' position, the petitioner's release is compelled by *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) and its progeny. *See* ECF No. 11 at 8–9. The *Accardi* doctrine "stands for the proposition that an agency must adhere to its own rules and regulations when an individual's due process interests are implicated." *Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026). The regulation that ICE violated in this case, 8 C.F.R. § 287.8(c)(2), is designed to ensure due process by protecting noncitizens from warrantless arrest absent a prearrest determination of probable cause. As there is no way for the respondents to provide him this due process *ex post*, nothing short of release can remedy the violation. *See* ECF No. 11 at 9.

Therefore, "the proper remedy is release." *Voronkov v. Baltazar*, No. 26-cv-02599-NYW, 2026 WL 2540110, at *2 (D. Colo. Aug. 28, 2026) (holding that, "(1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release").

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Petitioner, ECF No. 1, is **GRANTED**.

It is further ORDERED that:

(1) The petitioner's continued detention under 8 U.S.C. § 1226(a) is unlawful;

(2) The respondents shall **RELEASE** the petitioner within 24 hours of this Order. His release may be subject to reasonable conditions imposed by the Department of Homeland Security, not to include the imposition of GPS monitoring;

(3) The respondents shall return any of the petitioner's belongings that are in their possession;

(4) The respondents shall file a status report within **seven days** of this ORDER informing the Court of the petitioner's release and the return of his belongings.

DATED: October 2, 2026

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge